UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

IDOKO HILLARY CHIBUEZE,

      Petitioner,

v.              No. 1:25-CV-00074-H

PAM BONDI, *et al.*

      Respondents.

### ORDER

  Petitioner Idoko Hillary Chibueze, a self-represented immigrant detainee, filed a motion for a temporary restraining order (TRO) to prevent Respondents from removing or deporting him while this habeas petition is pending. Dkt. No. 6. He also requests a hearing. *Id.* As explained below, the Court finds Plaintiff has not shown that he faces an immediate risk of irreparable injury, so the motion for TRO must be denied.

**1.  Background**

  Petitioner states that he is a native and citizen of Nigeria. Dkt. No. 1. When he filed his petition, he was detained in the custody of Immigration and Customs Enforcement (ICE) at the Bluebonnet Detention Center (BBDC) in Anson, Texas. *Id.* He has since been transferred to the Prairieland Detention Center in Alvarado, Texas. Dkt. No. 5. He alleges that his prolonged detention is unlawful because there is no valid removal order or other justification. Dkt. No. 1. He seeks declaratory and injunctive relief, including immediate release.

  But Petitioner recently filed a separate motion seeking a TRO barring Respondents from removing or deporting him during the pendency of this petition. Dkt. No. 5. He

asserts that he will face persecution and possible death if he is removed to Nigeria. Respondents have not been served or appeared in this action.

2. **Standards Applicable to Temporary Restraining Orders**

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). A party seeking a preliminary injunction or temporary restraining order must prove four elements:

1. a substantial likelihood of success on the merits of his case;
2. a substantial threat that the plaintiff will suffer irreparable injury;
3. that the threatened injury outweighs any harm that the injunctive order might cause the defendant; and
4. that the injunction is in the public interest.

*Women's Med Ctr. v. Bell*, 248 F.3d 411, 419 n.15 (5th Cir. 2001). Injunctive relief will be denied if the movant fails to prove any of these four elements. *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

A federal court may issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

3. **Discussion and Conclusion**

First, the Court notes that Petitioner did not verify his allegations with a declaration under penalty of perjury, nor did he describe any effort to notify Respondents of his request for emergency relief or attempt to show that notice should not be required. For these reasons alone, the Court cannot issue a TRO in this case. *See* Fed. R. Civ. P. 65(b)(1); *Ray*

*v. La. Dep't of Public Safety & Corrs.*, Civ. A. No. 16-810, 2016 WL 5875947, at *2 (W.D. La. Oct. 7, 2016).

Moreover, Petitioner has not demonstrated an immediate risk of irreparable injury, loss, or damage. He focuses on the potential harm he could face if he were removed, but he suggests no reason to believe that he is threatened with imminent removal. In fact, he states the opposite. In his petition, he states that there is "no foreseeable likelihood of removal." Dkt. No. 1 at 4. Thus, he has failed to show an immediate risk of irreparable injury, and the emergency motion for TRO must be denied. Petitioner's request for a hearing is also denied.

Petitioner's habeas petition remains pending, and the Court will require Respondents to file an answer once Petitioner cures the filing-fee deficiency. See Dkt. No. 4.

So ordered.

Dated May 15, 2025.

_____
JAMES WESLEY HENDRIX
United States District Judge

3